## UNITED STATES v. BAYLE.

*(District Court, E. D. Missouri, E. D. December 14, 1889.)*

1. POST-OFFICE—NON-MAILABLE MATTER—THREATENING POSTAL-CARDS.
    A postal-card demanding payment of a debt, and stating that "if it is not paid at once we shall place the same with our lawyer for collection," is non-mailable matter, within 25 St. U. S. 496, prohibiting the mailing of a postal-card, envelope, or wrapper, the outside of which contains language of a "threatening character," or language "calculated * * * and obviously intended to reflect injuriously upon the character or conduct" of the person to whom it is addressed.

2. SAME.
    A postal-card containing the words, "Please call and settle account, which is long past due, and for which our collector has called several times, and oblige." is not within the prohibition, as the language cannot be said to be threatening or offensive to the person addressed, or such as to attract public notice.

On Demurrer to Indictment.

*George D. Reynolds*, U. S. Dist. Atty.

*D. P. Dyer*, for defendant.

THAYER, J. This is an indictment in three counts, under the act of September 26, 1888, (25 St. U. S. 496,) for depositing postal-cards of an alleged non-mailable character in the mails. The postal-cards in question were each addressed to John Greb, 2201 Franklin avenue, St. Louis, and are of the following tenor:

"ST. LOUIS, April 12th, 1889.

"Please call and settle account, which is long past due, and for which our collector has called several times, and oblige,

"Respectfully,                                        ST. LOUIS PRETZEL CO."

"ST. LOUIS, April 18th, 1889.

"You owe us $1.80. We have called several times for same. If not paid at once, we shall place same with our law agency for collection.

"Respectfully,                                        ST. LOUIS PRETZEL CO."

"ST. LOUIS, May 1st, 1889.

"You owe us $1.80, long past due. We have called several times for the amount. If it is not paid at once, we shall place same with our lawyer for collection.

"Respectfully,                    ST. LOUIS PRETZEL Co."

Section 1 of the act of September 26, 1888, provides "that all matter, otherwise mailable by law, upon the envelope or outside cover or wrapper of which, or any postal-card upon which, any delineations, epithets, terms, or language, of any indecent, lewd, lascivious, obscene, libelous, scurrilous, defamatory, or threatening character, or calculated by the terms or manner or style of display, and obviously intended, to reflect injuriously upon the character or conduct of another, may be written or printed, or otherwise impressed or apparent, are hereby declared non-mailable matter, and shall not be conveyed in the mails," etc. If the postal-cards in question are non-mailable, it is because they contain language of a "threatening character," within the meaning of the law, or because they contain language "calculated   *   *   *   and obviously intended to reflect injuriously upon the character or conduct" of the person to whom they were addressed. It is clear that they fall within no clause of the statute unless they are within the clauses last referred to. Two of the cards, as it will be observed, contain a demand for the payment of money alleged to be due, and a threat to place the demand in the hands of a lawyer for collection, if not paid at once. The question, therefore, arises whether congress intended to prohibit the mailing of postal-cards containing or on which are written threats of that kind. The language of the statute is very general, and certainly may be construed as a prohibition against mailing postal-cards which contain threats to bring suits if debts are not paid, as well as being a prohibition against mailing cards containing threats of personal violence or threats of any other character. It is most probable, I think, that congress intended the act should receive that construction. It is a well-known fact that prior to the passage of the law some persons had made a practice of enforcing the payment of debts by mailing postal-cards or letters bearing offensive, threatening, or abusive matter, which was open to the inspection of all persons through whose hands such postal-cards or letters happened to pass. In some quarters the practice alluded to of sending communications through the mail that were both calculated and intended to humiliate, and injure the persons addressed in public estimation, had become one of the recognized methods of compelling the payment of debts. Congress evidently intended by the act of September 26, 1888, to utterly suppress the practice in question. It has not only declared that libelous, scurrilous, and defamatory matter written on postal-cards, or on envelopes containing letters, shall not be disseminated through the mails, but that no matter of a "threatening character," or that is even "calculated   *   *   *   and   *   *   *   intended to reflect injuriously upon character or conduct," shall be so disseminated, if written on postal-cards, or on the envelopes of letters, and hence is open to public inspection. I conclude that a postal-card on which is written a

demand for the payment of a debt, and a threat to sue, or to place the demand in the hand of a lawyer for suit, if the debt is not paid, is now non-mailable matter. Henceforth persons writing such demands and threats must inclose them in sealed envelopes, or subject themselves to criminal prosecution. The demurrer to the second and third counts is not well taken, and is therefore overruled as to those counts.

The language employed in the postal-card described in the first count is not of a threatening character, and, in my opinion, no jury would be warranted in finding, in view of its contents, that it was obviously intended by the writer to reflect injuriously on the character or conduct of the person addressed, or to injure or degrade him in the eyes of the public. It is true that it contains a demand for the payment of a debt, and says that it is long past due, and that a collector has called several times; but it is couched in respectful terms, and no intent is apparent to put it in such form as to attract public notice, or to make it offensive to the person addressed. Congress has not declared that postal-cards shall not be used to make such demands, and a construction of the act ought not to be adopted that will unnecessarily restrict their use for business purposes. The card in question cannot be held to be non-mailable, without being overcritical and extremely punctilious in the choice of language which men may lawfully use in their daily transactions. The demurrer is accordingly sustained as to the first count.