## UNITED STATES *v.* SMITH.

### (*District Court, E. D. Wisconsin.* March 23, 1891.)

1. OBSCENE PUBLICATIONS—INDICTMENT—DEMURRER.

   Though a defendant, under indictment for sending obscene matter through the mails, is not entitled, as under the English practice, to take the opinion of the court by demurrer whether the matter set forth was or was not obscene, it is proper for the court to construe the document, and decide whether a verdict establishing its obscenity would be set aside as against evidence and reason.

2. SAME—ALLEGED MEDICAL TREATISE.

   A pamphlet purporting to be a printed medical treatise touching certain foul private diseases and their cure, and a list of 120 printed questions touching some 7 private diseases, to be answered by any one afflicted with such disorders, after reading the pamphlet, though without illustration, and expressed in clean and wholesome language, if intended for promiscuous circulation through the mails, are obscene publications within Rev. St. U. S. § 3893, as amended by 25 St. 496.

3. SAME—PRIVILEGED COMMUNICATIONS.

   Such publications will not, because of their character, be considered privileged communications by a physician to a patient, in the absence of a showing that the defendant is a physician, and that the persons to whom they were addressed were his patients.

Indictment for Violation of Postal Law.

*Elihu Colman*, U. S. Dist. Atty.

*J. V. Quarles*, for defendant.

JENKINS, J. The defendant demurs to an indictment preferred under Rev. St. § 3893, as amended by 25 St. 496. The indictment contains

two counts; the first charging that the defendant knowingly deposited in a certain post-office, for mailing and delivery, an obscene, lewd, and lascivious pamphlet, entitled "A Monitor for Men," a copy of which is attached to the indictment. The second count embraces a similar charge respecting a paper entitled "Questions for Men Only," also attached to the indictment. It is insisted that neither of these documents is obscene within the meaning of the statute. The pamphlet set forth in the first count of the indictment purports to be a printed medical treatise touching certain foul private diseases, and their cure, issued by one "Gun Wa," claiming to be a "Chinese graduate of botany." The introduction states that it is presented for the consideration of the American public, and to be intended for promiscuous circulation. The document embraced within the second count of the indictment purports to be issued by "Gun Wa, Chinese Physician," and consists of 120 printed questions, touching some 7 private diseases. They are to be answered by any one afflicted with any of such disorders, after he shall have read the pamphlet set forth in the first count.

It was claimed at the argument, and conceded by the attorney for the government, that the defendant is entitled to take the opinion of .the court by demurrer whether the matter set forth was or was not obscene. That would seem to be the rule in England, but is one not followed in this country. Ordinarily it is a question for the determination of a jury. But it is within the province of the court to construe the objectionable document so far as necessary to decide whether a verdict establishing its obscenity would be set aside as against evidence and reason. *U. S.* v. *Bennett,* 16 Blatchf. 338; *U. S.* v. *Clarke,* 38 Fed. Rep. 500. The test was laid down by Chief Justice COCKBURN in *Reg.* v. *Hicklin,* L. R. 3 Q. B. 360: Is the tendency of the matter charged as obscene to deprave and corrupt those whose minds are open to such immoral influences, and into whose hands a publication of this sort may fall? That test is applied to the statute under which this indictment is framed. *U. S.* v. *Bennett, supra; U. S.* v. *Wightman,* 29 Fed. Rep. 636; *U. S.* v. *Bebout,* 28 Fed. Rep. 522. The purpose of the statute was to purge the mails. Congress, possessing the power of exclusion, declines to permit the mail to become a vehicle for the transmission and circulation of mental filth. To that end the statute should receive a liberal interpretation, consistently with recognized rules of construction. The words "obscene," "lewd," and "lascivious," as employed in the statute, are not used interchangeably. "Obscene" has a broader signification than "lascivious," comprehending whatever is impure, unclean, indecent, foul, filthy, or disgusting. It is said of this pamphlet that it is a medical treatise without illustration, and, with a possible exception, expressed in clean and wholesome language. In an able argument the counsel for the defendant asserted that it was the highest duty to instruct the youth in the anatomy of the human body, and the law of its nature, warning them of the grievous results flowing from infraction of such law; and that a work upon such a subject, devoid of filthy language, cannot properly be classed as obscene. Whether act or language is obscene depends upon

circumstance. The public exposure of the person is most obscene, yet the necessary exhibition of the person to a physician is not only innocent, but is a proper act, dictated by positive duty. Instruction touching the organs of the body, under proper circumstances, is not reprehensible; but such instruction to a mixed assemblage of the youth of both sexes might be most demoralizing. The condition determines the quality of the act. Thus the nude in art is not of necessity indecent, but it may be so conditioned as to come under the ban of condemnation. Here is a publication touching certain loathsome diseases of the generative organs. Such a document, intended for general circulation, liable to fall into the hands of the immature, might well be deemed corrupting. It is of no consequence that the language employed may be pure. The law has relation as well to the subject as to its dress. Both the subject and its treatment must be free from obscenity. The most debasing topic may be presented in the choicest language. In such garb it is the more dangerous. Impure suggestion clothed in pleasing attire allures and corrupts, when bald filth would disgust and repel.

It is claimed for these publications that they were addressed by a physician to a patient, and therefore privileged. I cannot doubt that proper and necessary communication between physician and patient touching any disease may properly be deposited in the mail. The statute is not to receive a strained construction. It is aimed at the obscene. It was not enacted in the interest of the prude. But can these publications be properly so classified? There is nothing upon the face of this indictment connecting the defendant with "Gun Wa," the "Chinese graduate of botany,"—whatever that may mean. The court cannot take judicial cognizance of the fact—if it be a fact—that "Gun Wa," is the Chinese synonym for "Smith." Nothing appears to indicate that the defendant was a physician, or that the person to whom these publications were addressed was his patient. So far as the record discloses, he was a mere volunteer, sending this unsavory literature through the mails. If, as was assumed, the defendant was in fact "Gun Wa," using that designation as a trap in which to catch the ignorant and the credulous, he was then a mere charlatan, circulating promiscuously these publications upon subjects that are foul, unless purged of obscenity by conditions rendering their use proper. It cannot be said that under any circumstances a verdict declaring these documents obscene would be contrary to reason and common sense. To the contrary, it must be said that they are manifestly foul unless the occasion and condition of their employment should justify their use; and that must be determined by a jury. The demurrer is overruled.