UNITED STATES v. DODGE.

(District Court, E. D. Pennsylvania. October 21, 1895.)

OFFENSES AGAINST POSTAL LAWS—DUNNING LETTERS.

The proprietor of a collection agency adopted a method of proceeding by which, on failure of debtors to pay on first demand, a dunning letter was sent through the mails, inclosed in a pink-colored envelope, and, if this did not receive a favorable response, another letter was sent, inclosed in a black envelope, addressed in white letters. The purpose of these letters was universally known to the post-office employés. Having been arrested on a charge of violating the act of September 26, 1888, in respect to nonmailable matter, he sued out a writ of habeas corpus, *Held*, that the use of such envelopes was a "delineation" within the meaning of the statute, and that whether the effect was "to reflect injuriously upon the character or conduct" of the addressee was a question for the jury upon a trial for the offense, for which reasons the prisoner must be remanded.

This was an application by William H. Dodge for a writ of habeas corpus. Defendant was arrested, and, after a preliminary hearing before a United States commissioner, was committed on the charge of violating the postal laws, by "depositing in the United States mails for transmission and delivery a letter inclosed in a black envelope, addressed in white ink, calculated by the style of display, and obviously intended, to reflect injuriously upon the character of another." The commissioner held that the offense was within the meaning of the act of congress of September 26, 1888 (25 Stat. 496).

Ellery P. Ingham, U. S. Atty., for the United States.
Richard P. White, for defendant.

BUTLER, District Judge. The defendant asks to be discharged from arrest on the ground, that the evidence does not exhibit an offense. He is arrested for violation of the act of congress of September 26, 1888, which reads as follows:

"That all matter otherwise mailable by law, upon the envelope or outside cover or wrapper of which, or any postal card upon which, any delineations, epithets, terms, or language of an indecent, lewd, lascivious, libelous, scurrilous, defamatory, or threatening character, or calculated by the terms or manner, or style of display and obviously intended to reflect injuriously upon the character or conduct of another may be written or printed, or otherwise impressed or apparent, are hereby declared non-mailable matter, and shall not be conveyed in the mails, nor delivered from any post-office nor by any letter carrier, and shall be withdrawn from the mails under such regulations as the postmaster general shall prescribe: and any person who shall knowingly deposit, or cause to be deposited, for mailing or delivery anything declared by this section to be non-mailable matter, and any person who shall knowingly take the same or cause the same to be taken from the mails, for the purpose of circulating or disposing of, or of aiding in the circulation or distribution of the same, shall, for each and every offense, upon conviction thereof, be fined not more than $5,000, or imprisoned at hard labor not more than 'five years, or both, at the discretion of the court."

The evidence shows the defendant to be the proprietor of a collection agency; that his method of proceeding is to address those against whom claims are intrusted to him, who do not pay on first demand, a dunning letter through the mails, inclosed in a pink-colored envelope, and if this does not receive a favorable response, then to forward another such letter inclosed in a black envelope, addressed in white letters. The evidence shows that all persons connected with the postal service understand the meaning and object of this method of proceeding. The object is to coerce payment of money, by thus exposing the person addressed. The defendant's conduct is clearly within the spirit of the statute—within the mischief contemplated. Still unless it is covered by the terms, fairly construed, the defendant cannot be held to have violated it. If the terms covered only "writing" and "printing," of the character described, his acts would not be embraced. They cover, however, "delineations" of this character, also. This term signifies representations expressed otherwise than by language,—as by the use of figures, drawings, colors, etc. If the fact that a dunning letter is contained in an envelope may be expressed by a figure or other sign impressed upon it, of a character recognized as conveying such expression, by those who may see it, such figure or sign is a "delineation" within the meaning of the statute. There can be no doubt that if it is a matter of common knowledge that a black envelope addressed in white letters, signifies to those who may see it, that the letter inclosed is a third demand of an overdue debt, a dunning letter, the use of this device is within the purview of the statute. The use of language signifying the same thing would be no more objectionable or effective for the purpose in view. By resorting to the device the defendant acknowledges that its signification is so understood; if it was not he would have no object to accomplish in using it. His purpose, as before stated, is to coerce those addressed to pay money by subjecting them to the threat and danger of such exposure. There could be no exposure if the significance of the device was not understood. It is therefore a "delineation" within the terms of the statute. Whether it is calculated to affect the character of the person addressed injuriously is a question for the jury. The term "display" used in the statute does

not tend to limit the terms which precede it. This term is as applicable to the word "delineations" as it is to writing or printing. It is unimportant that the signification of the device may be confined to the post-office employés. They alone would see the writing or printing if this method of expressing the same thing was employed.

The defendant must be remanded.