WARREN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 21, 1910.)

No. 3,294.

1. POST OFFICE (§ 1*)—USE OF MAIL—CONSTITUTIONAL LIBERTY.
    The unrestricted use of the mails is not one of the fundamental rights guaranteed by the Constitution.
    [Ed. Note.—For other cases, see Post Office, Dec. Dig. § 1.*]

2. POST OFFICE (§ 1*)—POSTAL SYSTEM—REGULATION.
    Under the power of Congress to regulate the entire postal system of the country, it may prescribe what shall be carried in the mails and what shall be excluded. It may also prescribe the size, weight, shape, and character of the contents of every mailable package, limit the superscription, and declare a violation of its regulations a public offense, and fix punishment therefor.
    [Ed. Note.—For other cases, see Post Office, Cent. Dig. § 1; Dec. Dig. § 1.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CONSTITUTIONAL LAW (§ 90*)—FREEDOM OF SPEECH—USE OF MAILS.

Act Cong. Sept. 26, 1888, c. 1039. 25 Stat. 496 (U. S. Comp. St. 1901, p. 2661), forbidding deposit in the mails of anything upon the exposed surface of which appears language scurrilous, defamatory. threatening, or calculated and obviously intended to reflect injuriously on the character or conduct of others. is not objectionable as denying or abridging freedom of speech.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 90.*]

4. CONSTITUTIONAL LAW (§ 90*) — "FREEDOM OF SPEECH" — "LIBERTY OF SPEECH."

Liberty and freedom of speech guaranteed by the Constitution does not mean the unrestricted right to do and say what one pleases at all times and under all circumstances.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 90.*

For other definitions, see Words and Phrases, vol. 5, pp. 4131–4133.]

5. POST OFFICE (§ 33*)—NONMAILABLE MATTERS—IMPUTATION AGAINST CHARACTER.

Where accused deposited in the post office a stamped envelope, on the face of which was printed in large red letters, "$1,000 Reward will be paid to any person who kidnaps Ex. Gov. Taylor and returns him to Kentucky authorities," such deposit constituted a violation of Act Cong. Sept. 26, 1888, c. 1039. 25 Stat. 496 (U. S. Comp. St. Supp. 1901, p. 2661), making it an offense for any person to mail an envelope on the outside of which is printed any scurrilous, defamatory, or threatening language calculated and obviously intended to reflect injuriously on the character or conduct of another.

[Ed. Note.—For other cases, see Post Office. Cent. Dig. § 53; Dec. Dig. § 33.*

Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.]

6. EXCEPTIONS, BILL OF (§ 56*)—SETTLEMENT—CERTIFICATE.

Where a purported bill of exceptions in the record is not authenticated by the certificate of the trial judge, the proceedings at the trial are not open to review.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 94–96; Dec. Dig. § 56.*]

7. POST OFFICE (§ 33*)—REGULATIONS—VIOLATION—NONMAILABLE MATTERS—INTENT.

In a prosecution for sending nonmailable matter through the mail, in violation of Act Cong. Sept. 26, 1888, c. 1039, 25 Stat. 496 (U. S. Comp. St. 1901, p. 2661), it is not material whether the objectionable language is true or false, or whether accused was actuated by public spirit or private malice.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 53; Dec. Dig. § 33.*]

In Error to the District Court of the United States for the District of Kansas.

Fred D. Warren was convicted of sending nonmailable matter through the mail, and he brings error. Affirmed.

Fred D. Warren, Clarence S. Darrow, Boyle & Howell, J. I. Sheppard, and J. S. Brooks, for plaintiff in error.

J. S. West, Asst. U. S. Atty. (Harry J. Bone, U. S. Atty., on the brief), for the United States.

Before HOOK and ADAMS, Circuit Judges, and REED, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOOK, Circuit Judge. The plaintiff in error was indicted for depositing in the post office of the United States at Girard, Kan., for mailing, nonmailable matter, contrary to the act of September 26, 1888 (Act Sept. 26, 1888, c. 1039, 25 Stat. 496 [U. S. Comp. St. 1901, p. 2661]). Among other things the act prohibits the deposit for mailing of all matter, otherwise mailable, upon the envelope or outside cover or wrapper of which is written, printed, or otherwise impressed any language of a scurrilous, defamatory, or threatening character, or calculated by the terms or manner or style of display and obviously intended to reflect injuriously upon the character or conduct of another. The envelope described in the indictment was properly stamped and addressed to another, but on its face there was printed in large red characters the following:

"$1,000 Reward will be paid to any person who kidnaps Ex. Gov. Taylor and returns him to Kentucky authorities."

The indictment also charged that the words so printed were of a scurrilous, defamatory, and threatening character, and were calculated and obviously intended to reflect injuriously upon the character and conduct of William S. Taylor, a former governor of the state of Kentucky. There was a verdict of guilty as charged, and sentence followed.

When the case arose in this court, the accused appeared in his own behalf, dispensed with counsel who had filed a brief, asserted his right to use the mails in the way described in the indictment, and said the only question he desired considered was whether the printed indorsement on the envelope could make his conduct a public offense. But aside from this concession, an examination of the record and briefs discloses no other question that requires consideration. The other objections to the indictment urged in the brief are, we think, without merit. What purports to be a bill of exceptions in the record is not authenticated by the certificate of the trial judge, and the proceedings at the trial are therefore not open to review.

There is no substantial question of liberty or freedom of speech involved in this case. The unrestricted use of the mails is not one of the fundamental rights guaranteed by the Constitution. Public Clearing House v. Coyne, 194 U. S. 497, 24 Sup. Ct. 789, 48 L. Ed. 1092. No one has a natural or constitutional right to send what he pleases through the mails or to write anything he pleases upon the exterior cover of that which would otherwise be mailable. The power of Congress extends to the regulation of the entire postal system of the country. It may prescribe what can be carried in the mails and what shall be excluded. It may in its wisdom confine the use of the mails to sealed letters, excluding everything else, or it may extend it to papers, periodicals, and books and to large packages of merchandise as in the parcel post systems of other countries. It may even prescribe the size, shape, weight, and character of contents of every mailable packet, and limit the superscription to the bare name and address of the person for whom intended; and it may also declare a violation of its regulations a public offense and fix the punishment therefor. Its power over the particular subject is almost without limit except

as respects unreasonable searches and seizures and the duty to treat all alike under the same circumstances and conditions. With this comprehensive control over the subject which Congress undoubtedly possesses, it is idle to say the liberty of the citizen and his freedom of speech in the proper sense of those terms are denied or abridged by a statute forbidding the deposit in the mails of anything upon the exposed surface of which appears language scurrilous, defamatory, or threatening, or calculating and obviously intended to reflect injuriously upon the character or conduct of others. Liberty and freedom of speech under the Constitution do not mean the unrestrained right to do and say what one pleases at all times and under all circumstances, and certainly they do not mean that contrary to the will of Congress one may make of the post office establishment of the United States an agency for the publication of his views of the character and conduct of others, as distinguished from the carriage of the mails. The very idea of government implies some imposition of restraint in the interest of the general welfare, peace, and good order. The statute under consideration is a part of a body of legislation which is being gradually enlarged, and which is designed to exclude from the mails that which tends to debauch the morals of the people, or is contrived to despoil them of their property or is an apparent, visible attack upon their good names. The competency of Congress is beyond question, and the courts have uniformly upheld the legislation and applied it in the light of its evident purpose.

The verdict of the jury confirms the averment in the indictment that the accused deposited the envelope in the post office or caused it to be done, which legally is the same thing, and that the printed indorsement on the face of the envelope was of the character charged, and referred to William S. Taylor, a former governor of Kentucky. Congress having ample power to enact the statute, the only question remaining is whether the indorsement described in the indictment could as matter of law be within its prohibitions. It has been frequently held the statute covers mail matter from creditors and collection agencies addressed to debtors and bearing externally visible charges or imputations of habitual refusal to pay just debts, threats of suit, etc., not alone because of a threatening character, but because calculated and obviously intended to reflect injuriously upon the character and conduct of others. United States v. Davis (C. C.) 38 Fed. 326; United States v. Bayle (D. C.) 40 Fed. 664, 6 L. R. A. 742; United States v. Brown (C. C.) 43 Fed. 135; United States v. Simmons (D. C.) 61 Fed. 640; United States v. Smith (D. C.) 69 Fed. 971; United States v. Dodge (D. C.) 70 Fed. 235; United States v. Burnell (D. C.) 75 Fed. 825. Aside from the question whether the language employed by the accused is scurrilous, defamatory, or threatening, it was clearly calculated and obviously intended to reflect injuriously on the character and conduct of the person named. It was an offer of reward in prominent characters for the kidnapping and return of Mr. Taylor to the Kentucky authorities. The common understanding of men has its place in law as in the other affairs of life and according

183 F.—46

to it the accused plainly asserted that Mr. Taylor was charged with crime, and was a fugitive from the justice of the state of Kentucky. It needs no discussion to show that such a charge is calculated to reflect injuriously upon one's character and conduct. And, as a prosecution under the statute does not proceed as one for libel, it is immaterial whether the objectionable language be true or false, or whether the accused was actuated by public spirit or private malice. The exterior surface of mail matter is not a lawful place for its publication. Were this not so, then every one might with equal right bulletin upon the outside of his letters, etc., deposited in the mails such charges as "Mrs. A. is wanted by the customs officers of New York," or "Mr. B. has so far eluded the authorities of Illinois," and so on. Such a practice would be intolerable. Again, an injurious reflection on the character and conduct of Mr. Taylor naturally and necessarily followed from the indorsement on the envelope. It was an obvious, unavoidable consequence, and the accused is presumed to have intended it. It does not appear that the accused was a public officer charged with the enforcement of the laws and acting in the performance of his official duties. Nor were the words on the envelope designed to inform or assist the postal officials in the discharge of their functions. They had no relation whatever to the transmission of the envelope and contents through the mails or their return to the sender if not delivered to the person addressed, nor to the business of the accused and its permissible advertisement. The indorsement was entirely foreign to the customary matter on envelopes, wrappers, etc., and nothing appears to deny or contradict the intention palpably evidenced by its context and manner of display. If there was an undisclosed and admissible purpose in the mind of the accused, as was argued at the hearing, an unlawful method was adopted to accomplish it.

The judgment is affirmed.