## UNITED STATES v. PRENDERGAST.

### (District Court, D. Oregon. November 13, 1916.)

### No. 7921.

POST OFFICE ☜33—OFFENSES—NATURE OF.

A postal card contained the following communication: "In re Unique Tailor Co. v. Fox, District Court. Your breach of stipulation has caused this case against you to be again placed in the hands of the proper officials for serving of summons and complaint—this was held up since Aug. 2d and was to be held until 18th inst.—you will find same directed to you at proper address this time and no nonsense will be tolerated as before." Other cards stated that suit would be entered at once unless the addressee acted promptly. *Held*, that the mailing of the cards was a violation of Criminal Code (Act March 4, 1909, c. 321) § 212, 35 Stat. 1129 (Comp. St. 1913, § 10382), denouncing the mailing of postal cards on which is written any language of a threatening character, or calculated and obviously intended to reflect on the character or conduct of another; all of the cards being threatening, and the first one in a measure intended to reflect on the character of the addressee.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 53; Dec. Dig. ☜33.]

At Law. W. J. Prendergast was charged with mailing postal cards containing language of a threatening character, or calculated to reflect upon the character and conduct of another, in violation of Criminal Code, § 212. On demurrer to the indictment. Demurrer overruled.

Clarence L. Reames, U. S. Atty., and Robert R. Rankin, Asst. U. S. Atty., both of Portland, Or.

W. H. Fowler and R. E. Moody, both of Portland, Or., for defendant.

WOLVERTON, District Judge. This is an indictment upon three counts, charging that Prendergast mailed certain postal cards, with certain matter written on the postal cards. The indictment is brought under section 212 of the Penal Code, which denounces the mailing of any postal card on which is written any language of a threatening character, or calculated by its terms and obviously intended to reflect upon the character or conduct of another. The matter written upon the card which is the subject of the first count is as follows:

"Removed to 605-06 Panama Bldg. In re Unique Tailor Co. v. Fox, District Court. Your breach of stipulation has caused this case against you to be again placed in hands of the proper officials for serving of summons and complaint—this was held up since Aug. 2d and was to be held until 18th inst.—you will find same directed to you at proper address this time and no nonsense will be tolerated as before."

The second card contained these words:

"Final Notice. Returning book is no defense; if rent is unpaid. Suit enters unless you act promptly. No other way open.
                                          "Merchants' Mercantile Co., Inc."

And the third is as follows:

"Feb. 9, 1916. No replies to our letters or telegrams received. Suit enters unless you act promptly.                    Merchants' Mercantile Co., Inc."

The question presented is whether these cards are of a threatening character, or whether they contain terms that are calculated to reflect upon the conduct or character of another. I think unquestionably the first card is both of a threatening character and in some measure by its terms intended to and does reflect upon the conduct of the person addressed. The other two cards are each of a threatening character, I think, within the terms of the statute.

The case of United States v. Bayle (D. C.) 40 Fed. 664, 6 L. R. A. 742, the decision in which was rendered by Judge Thayer, seems to announce the true doctrine. The law was intended, I think, to inhibit people from writing to others on an open postal card threatening them with suit, and I believe that each of these counts comes within the inhibition of that statute.

The demurrer will be overruled.