EL PUEBLO, DEMANDANTE Y APELANTE, v. SIERRA, ACUSADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por infracción al artículo 283 del Código Penal.

No. 1390.—Resuelto en diciembre 22, 1919.

PUBLICACIONES OBSCENAS — ACUSACIÓN — ALEGACIONES SUFICIENTES. — Cuando la acusación formulada por violación del artículo 283 del Código Penal transcribe un artículo de periódico cuya tendencia es corromper la moral o excitar

pensamientos lascivos, es un error el sostener una excepción perentoria fundada en que los hechos alegados no constituyen delito público por no ser obsceno el lenguaje usado. El móvil y propósito del articulista no afecta la cuestión así suscitada.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José N. Quiñones y Salvador Mestre, Fiscales.*

Abogado del apelado: *Sr. Celestino Iriarte, Jr.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Pedro Sierra fué acusado en cada una de las dos acusaciones que separadamente se formularon contra él de una infracción al artículo 283 del Código Penal, porque voluntaria y lascivamente publicó dos escritos obscenos titulados "De Domingo en Domingo" que aparecieron en el semanario local llamado "El Diluvio."

En cada uno de estos casos en la acusación se expresan literalmente ciertas partes del escrito a que las mismas se refieren y en ambos la corte de distrito declaró con lugar la excepción perentoria formulada por el acusado, de que los hechos denunciados no constituyen delito público.

La teoría sustentada en la excepción perentoria en cada uno de los casos era la de que el lenguaje que ha sido citado en la acusación no es obsceno, apareciendo de la faz del propio escrito que el móvil del articulista no fué lascivo y que el propósito del artículo no era el excitar en las personas que lo leyeran deseos sensuales o pensamientos lascivos, sino que, por el contrario, el objeto de dicho artículo era criticar de modo severo, aunque en estilo refinado, la actitud asumida por el Attorney General de Puerto Rico en relación con las infracciones al capítulo 7 del Código Penal, a la par que presentar a la sociedad de cuerpo entero los defectos existentes en su constitución y los males y vicios de la prostitución y del adulterio.

"Aunque no es posible definir lo que es la obscenidad con determinado grado práctico de certeza, el medio puesto ordinariamente

en práctica por las cortes al resolver si cierta publicación u otra cosa es obscena, dentro del significado de los estatutos, es ver si la tendencia de lo que se imputa que es obsceno es depravar y corromper aquellas personas cuyas mentes estén expuestas a tales influencias inmorales y a cuyas manos pudiera llegar la publicación u otro artículo que se considera obsceno. Así pues, se ha sostenido que cuando la publicación u otro artículo sugiere en la mente de un joven de uno u otro sexo, o aun en la de personas de más edad, pensamientos de carácter impuro y deshonesto, dicha publicación es obscena. Otro medio de probar la obscenidad es la de si lo publicado perturba el sentido ordinario corriente de los hombres como indecencia. El verdadero medio de probar la obscenidad vertida de palabras es si el lenguaje que precisamente ha sido empleado tiene por fin corromper la moral, o excitar pensamientos lascivos, y no si las palabras mismas son impuras. Sucede a veces que las palabras honestas pueden constituir el medio de manifestar pensamientos obscenos, mientras que por el contrario, términos o frases indecentes de índole más baja pueden ser usadas con el sólo resultado de únicamente causar disgusto y desprecio hacia la persona que los usa.''

8 *Ruling Case Law*, 312, 338.

El móvil y propósito del articulista no son cuestiones envueltas en la que ahora está sometida a nuestra consideración. 8 *Ruling Case Law*, 313, 339. Pero aunque así no fuera la pureza del móvil y propósito no resulta tan clara en manera alguna de la faz de los artículos en cuestión como se sugiere en los fundamentos de la excepción perentoria.

En el caso de *Knowles* v. *United States*, 170 Fed. 409, el tribunal, refiriéndose al artículo sometido a su consideración, dijo: ''En él se glorifica la fornicación y se le pone bajo la bendición de Dios.'' Aunque no habrá de entenderse que coincidimos con el criterio sustentado en dicho caso respecto a los hechos del mismo, no vacilamos, sin embargo, en afirmar que el artículo que de tal modo fué conceptuado, comparado con uno u otro de los que están envueltos en este caso, parece un modelo de castidad tanto por su concepto como por su estilo.

En el presente caso el acusado no solamente encuentra "algo de lo divino" en ciertas especies de adulterio, sino que va recopilando y con un propósito firme digno de mejor causa explora la enciclopedia, el arte, la literatura, la mitología, la filología y la historia, tanto bíblica como profana, con el fin de acumular su pequeño muladar de precedentes, para dar rienda suelta a la propensión ilícita del instinto sexual. Que con cierto grado de habilidad literaria se presente así al vicio con el ropaje de la virtud, adornado con anécdotas atractivas, apoyado por investigaciones pseudocientíficas y cubierto por una fácil y atractiva fluidez del lenguaje, no es una circunstancia atenuante.

"Lo más obsceno, lujurioso y lascivo puede expresarse por palabras que en sí mismas no son de carácter obsceno. Lo principal es la idea que desea expresarse con las palabras que se emplean y esa idea es lo que caracteriza el lenguaje." *U. S.* v. *Bennett,* case No. 14771, 24 Fed. Cases, 1093.

"La ley tiene relación tanto con el asunto cuanto con el ropaje con que se le presente. Tanto el asunto como la forma o manera de presentarlo deben estar libres de obscenidad. El tema más depravado puede ser presentado con el lenguaje más escogido. En tal forma es cuando es más peligroso. Las sugestiones impuras brillantemente ataviadas corrompen mientras que presentadas en forma indecente y escueta disgustarían y repugnarían." *U. S.* v. *Smith,* 45 Fed. 478.

En asuntos de esta naturaleza las cortes deben ser muy cuidadosas con el fin de evitar la tendencia exclusivista para condenar todo aquello que simplemente no se ajusta a las exigencias del gusto literario individual, o se acomode a los grados de moralidad personal y pulcritud mental. Quizás fué algo de tal sentimiento por parte del juez de distrito lo que le inclinó a declarar con lugar la excepción perentoria, prefiriendo incurrir en error, si así fué, pero cayendo al lado de una actitud amplia y tolerante. Pero el claro propósito del estatuto y las reglas de ley establecidas no pueden ser desatendidas al resolver cuestiones de esta naturaleza.

Después de una detenida consideración de la cuestión en este sentido, y no obstante nuestro desagrado en llegar a una conclusión contraria a la que llegó la corte inferior, nos vemos obligados a declarar que los artículos en cuestión son claramente obscenos y, por tanto, que la acusación imputa un delito público.

La resolución apelada en cada uno de estos casos debe ser revocada, devolviéndose las actuaciones.

*Revocada la resolución apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.