### WEINSTEIN v. UNITED STATES.

### CHESTER v. SAME.

(Circuit Court of Appeals, First Circuit. November 22, 1923.)

Nos. 1576, 1577.

1. Intoxicating liquors ⟨⟩131—Only intent of. seller of still essential to conviction.

Under National Prohibition Act, tit. 2, § 18, making it unlawful to advertise, manufacture, sell, or possess for sale any contrivance, preparation, etc., intended for use in the unlawful manufacture of intoxicating liquor, the intent referred to is that of the seller alone.

2. Intoxicating liquors ⟨⟩236(19)—Evidence held to authorize conviction for selling still.

Evidence that a three-gallon still sold by defendant was designed for and intended by seller for use in the manufacture of intoxicating liquor for beverage purposes *held* to authorize a conviction under National Prohibition Act, tit. 2, § 18.

In Error to the District Court of the United States for the District of Massachusetts; George F. Morris, Judge.

Joseph Weinstein and Joseph Chester were convicted of selling stills, and each brings error. Judgment in each case affirmed.

Elisha Greenhood, of Boston, Mass., for plaintiffs in error.

Robert O. Harris, U. S. Atty., of Boston, Mass., and William J. White, Jr., Sp. Asst. U. S. Atty., of Lowell, Mass.

Before BINGHAM, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM. The matter in controversy in these actions arises out of an indictment charging the defendants with selling "a certain contrivance, or machine, designed and intended for use in the unlawful manufacture of intoxicating liquor, to wit, one three-gallon still complete."

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The indictment is based primarily on section 18, title 2, of the National Prohibition Act (41 Stat. at Large, p. 313), which reads as follows:

"Sec. 18. It shall be unlawful to advertise, manufacture, sell or possess for sale any utensil, contrivance, machine, preparation, compound, tablet, substance, formula, direction, or recipe advertised, designed, or intended for use in the unlawful manufacture of intoxicating liquor."

Two questions are presented: (1) Was there evidence to warrant the submission of the case to the jury? and (2) does the statute, when properly construed, require proof that both the buyer and seller intended the still should be used for the unlawful manufacture of liquor, or is the requirement of the statute satisfied on proof that the article was designed for such use and that the seller in making the sale intended it should be so used?

[1, 2] We think the intention referred to in the statute (section 18) is that of the seller alone. It is his act which is made lawful or unlawful, depending upon his intention in regard to the use to be made of the article sold, provided the article is designed to carry out that purpose. The Prohibition Act (title 2, § 3) makes the manufacture of intoxicating liquor for beverage purposes, or for nonbeverage and sacramental purposes without a permit, unlawful. And the evidence was that the three-gallon still sold by the defendants was not only designed for use in the manufacture of intoxicating liquors, but that it was the intention of the seller that it should be used in the manufacture of such liquor for beverage purposes.

In each case the judgment of the District Court is affirmed.