## HAMMERLE v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 7, 1925. Modified and Rehearing Denied July 3, 1925.)

No. 4263.

1. **Intoxicating liquors ⚖202—Indictment for possessing for sale and sales of substances and a formula intended for use in unlawful manufacture of intoxicating liquor held to sufficiently charge unlawful intent.**

Under National Prohibition Act, tit. 2, § 18 (Comp. St. Ann. Supp. 1923, § 10138½i), indictment charging possessing for sale and sales of substances and a formula "designed or intended for use in the unlawful manufacture" of intoxicating liquor held to sufficiently allege defendant intended things sold should be used in forbidden way.

2. **Criminal law ⚖1209—Imposition of separate maximum penalties for correlated offenses held not double punishment for single offense.**

Imposition of separate maximum sentences for unlawful possession for sale and selling of substances and a formula intended for use in manufacture of intoxicating liquor in violation of National Prohibition Act, tit. 2, § 18 (Comp. St. Ann. Supp. 1923, § 10138½i), held not imposition of double punishment for one offense, on theory that possession was merged in sale.

3. **Criminal law ⚖1119(1)—Alleged error in refusal to direct restoration of property seized under search warrant held not presented, in view of state of record.**

Alleged error in court's refusal to direct restoration to defendant of property taken under authority of search warrant, which court on motion had quashed, held not presented, in view of state of record.

4. **Intoxicating liquors ⚖255 — On quashing search warrant, property should be returned, unless condemnation proceedings instituted.**

Property not necessarily incapable of ownership under National Prohibition Act, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), should be returned to the owner on quashing search warrant under which it was seized, unless condemnation proceedings are promptly instituted.

In Error to the District Court of the United States for the Western District of Kentucky; Charles H. Moorman, Judge.

Gus Hammerle was convicted of possessing for sale and of selling substances and a formula intended for use in unlawful manufacture of intoxicating liquor, and he brings error. Affirmed.

Huggins & Oldham, of Louisville, Ky., for plaintiff in error.

W. S. Ball, U. S. Atty., of Louisville, Ky.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

PER CURIAM. Hammerle was charged with possessing for sale and with selling substances and a formula intended for use in the unlawful manufacture of intoxicating liquor. Section 18, tit. 2, National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½i). The first count charged possession for sale, and the second charged sale; he was convicted on both.

[1] The indictment is challenged because it does not expressly state that Hammerle had the intent that the things sold should be used in the forbidden way. The indictment says that he possessed and sold these things, "designed and intended for use in unlawful manufacture." Possibly this language might be satisfied by showing possession by Hammerle but unlawful intent by his vendee only; and, while in that event the defendant could not be convicted, the result would be because of the proof, and not because of the indictment. A reasonable construction of the language here used indicates that Hammerle had the unlawful intent, and it was his intent that was submitted to the jury.

[2] The court imposed the maximum punishment on each count. It is said that this

makes double punishment for one offense, since the possession was merged in the sale. Reynolds v. U. S. (C. C. A. 6) 280 F. 1. We do not so regard it. The evidence indicates the possession of large quantities of materials intended for this use, in addition to the parcel which was sold and which gave ground for the second count. The verdict of guilty on the first count may well have been based upon evidence of what was observed at the time of sale, but unnecessary upon the second count.

There was substantial evidence to support the verdict. It indicated that the failure of the first formula sent to the official chemist for trial was due to an omission in copying the formula, which had been given by Hammerle to the purchaser, and not to any omission in the formula thus given.

[3] It is also said that it was error not to return to Hammerle his property which had been seized upon a search warrant. We do not find in the record sufficient basis for this contention. The record purports to show a copy of a search warrant and of the affidavit upon which it was issued, which papers were filed in connection with a motion for the return of the property, made immediately after seizure. No action seems to have been taken thereon. A year later, when the case came on for trial, the bill of exceptions recites that the defendant moved to quash the search warrant in the case, and that the court sustained the motion, and then that the defendant moved the court to restore the property taken under authority of the search warrant, and that the court denied the motion. The record and briefs leave us in ignorance as to why the search warrant was thought invalid, or why it should be so thought; it does not appear that the things seized upon the search were used in evidence in the trial. Regardless of whether good grounds for return existed, or whether the question of right to return of the seized property could be raised in this way for review in this court (Steele v. U. S. [No. 636] 45 S. Ct. 417, 69 L. Ed. —, April 13, 1925), we consider that it is not so presented by this record as to call for decision.

The other objections made have been considered, but do not require mention.

[4] However, since counsel say that the property which was seized under this search warrant was not, or at least some of it was not, inherently and necessarily, under section 26 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm), incapable of supporting a property right, we see no reason why at least so much of the property should not be returned, unless the government wishes to condemn, and this affirmance of the judgment in the criminal case is without prejudice to a renewed motion to return, if such condemnation proceedings are not promptly brought.

The judgment is affirmed.