## DYSART *v.* UNITED STATES.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 102.  Submitted November 23, 1926.—Decided December 13, 1926.

Letters advertising a home for the care and protection of pregnant unmarried women and their infants are not "obscene, lewd or lascivious," within § 211, Crim. Code, even when mailed, without excuse, to refined women.  *Swearingen* v. *United States*, 161 U. S. 446.  P. 656.

4 F. (2d) 765, reversed.

CERTIORARI (268 U. S. 687) to a judgment of the Circuit Court of Appeals affirming a conviction for mailing an obscene, lewd and lascivious card and letter.

*Mr. J. W. Marrow* for the petitioner, submitted.

*Solicitor General Mitchell* for the United States, submitted the case, without being able to support the decision below. *Assistant Attorney General Luhring* and *Mr. Harry S. Ridgely,* Attorney in the Department of Justice, were also on the brief

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

The Circuit Court of Appeals—4 Fed. (2d) 765— affirmed a judgment of conviction under an indictment which charged that petitioner deposited in the Post Office at El Paso, Texas, for conveyance through the mails, an obscene, lewd and lascivious printed card and letter, in violation of Section 211, Criminal Code. There were eleven counts, identical in all respects except that each named a different addressee, generally an unmarried woman.

Copies of the card and letter were set out *in haec verba.* They were intended to advertise The Queen Ann Private Home for unmarried women during pregnancy and confinement, who prefer to be away from home during such time in order " to preserve individual character or family reputation." The letter, ostensibly intended for a doctor, states: The home is a private place for the care and protection of a few unfortunate women " until the time when they may return to their homes and friends, free from the burden of their mistake, to become useful members of society." " We find homes for infants by adoption when desired, or provide board for them at reasonable rates." Only persons recommended by reputable physicians are accepted. And it invites visits by physicians.

Section 211, Criminal Code, was taken from Section 3893, Revised Statutes. The pertinent portions follow: "Every obscene, lewd or lascivious, and every filthy book, pamphlet, picture, paper, letter, writing, print or other publication of an indecent character . . . is hereby declared to be nonmailable matter . . . Whoever shall knowingly deposit or cause to be deposited for mailing or delivery anything declared by this section to be nonmailable . . . shall be fined not more than five thousand dollars, or imprisoned not more than five years, or both."

The Solicitor General, with his usual commendable candor, after calling attention to the facts disclosed by the record and relevant opinions, adds: "It is not so easy to believe that circulars of this kind could to any substantial degree undermine morals or induce delinquency. To some such a result would seem altogether fanciful."

In *Swearingen* v. *United States,* 161 U. S. 446, 450, where the indictment charged that the plaintiff in error mailed a newspaper containing an "obscene, lewd and lascivious article," contrary to Section 3893, Revised Statutes, this court said: "The offense aimed at, in that portion of the statute we are now considering, was the use of the mails to circulate or deliver matter to corrupt the morals of the people. The words 'obscene,' 'lewd,' and 'lascivious,' as used in the statute, signify that form of immorality which has relation to sexual impurity, and have the same meaning as is given them at common law in prosecutions for obscene libel. As the statute is highly penal, it should not be held to embrace language unless it is fairly within its letter and spirit. Referring to this newspaper article, as found in the record, it is undeniable that its language is exceedingly coarse and vulgar, and, as applied to an individual person, plainly libelous. But we cannot perceive in it anything of a lewd, lascivious and obscene tendency, calculated to corrupt and debauch

the mind and morals of those into whose hands it might fall."

Notwithstanding the inexcusable action of petitioner in sending these advertisements to refined women, it is not possible for us to conclude that the indictment charges an offense within the meaning of the statute as construed by the opinion just cited. The motion to quash should have been sustained by the trial court.

The judgment below must be reversed and the cause remanded to the District Court, Western District of Texas, for further proceedings in harmony with this opinion.

*Reversed.*