THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES WENDLING, ARCHE SAYER, FRANK McGLYNN, ARTHUR GRIFFIN, KENNETH BURTON, VALERIE VALAIRE, JOHN M. KIRKLAND, EDGAR HENNING, DON ROWAN, CLIFF HECKINGER, NEIL STONE, JOSEPHINE EVANS and ALBERTA BEATTY, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LEE ELLMORE and ANNE FORREST, Appellants.

(Submitted February 15, 1932; decided March 3, 1932.)

*Harry H. Oshrin* for appellants. The testimony adduced was insufficient, as a matter of law, to warrant a verdict of guilty. (*People* v. *Muller,* 96 N. Y. 411; *People* v. *Eastman,* 188 N. Y. 480; *People* v. *Seltzer,* 122 Misc. Rep. 329.)

*Charles P. Sullivan, Acting District Attorney (Mordecai Konowitz* of counsel), for respondent. That the presentation was obscene, indecent, immoral . and impure beyond a reasonable doubt, may reasonably be inferred from the evidence and the verdict of conviction may, therefore, not be disturbed. (*Halsey* v. ﹒ *New York Society,* 234 N. Y. 1; *People* v. *Pesky,* 230 App. Div. 200; 254 N. Y. 373; *People* v. *Eastman,* 188 N. Y. 478; *People* v. *Muller,* 96 N. Y. 408; *United States* v. *Dennett,* 39 Fed. Rep. [2d] 564; *United States* v. *Bennett,* 16 Blatchf. 338; *Commonwealth* v. *Buckley,* 200 Mass. 346; *Reg.* v. *Hicklin,* L. R. 3 Q. B. 360; *People* v. *Hallenbeck,* 52 How. Pr. 502.)

POUND, J. The prosecution herein arises out of the dramatization of the ancient folk song " Frankie and Johnnie," which told the tale of the adventures of Johnnie, a country boy, in a St. Louis resort for drinking, gambling and prostitution in the middle of the last century.*

The language of the play is coarse, vulgar and profane;

* Dr. Sigmund Spaeth, " Read 'em and Weep — The Songs You Forgot to Remember," p. 34.

the plot cheap and tawdry. As a dramatic composition it serves to degrade the stage where vice is thought by some to lose " half its evil by losing all its. grossness." " That it is ' indecent ' from every consideration of propriety is entirely clear " (*People* v. *Eastman*, 188 N. Y. 478, 480), but the court is not a censor of plays and does not attempt to regulate manners. One may call a spade a spade without offending decency, although modesty may be shocked thereby. (*People* v. *Muller*, 96 N. Y. 408, 411.) The question is not whether the scene is laid in a low dive where refined people are not found or whether the language is that of the bar room rather than the parlor. The question is whether the tendency of the play is to excite lustful and lecherous desire. (*People* v. *Eastman*, *supra; People* v. *Muller*, *supra*.)

Prostitutes are not so rarely represented on the stage as to arouse the sexual propensities of the spectators whenever they appear. G. B. Shaw's play, " Mrs. Warren's Profession," deals, in the language of the polite dramatist, with what has been styled " the oldest profession in the world." The heroine of " Rain " was a seductive harlot. Scenes of " The Shanghai Gesture " are laid in a house of bad character. " Lysistrata " is frank in the discussion of sex relations but does not excite desire as might the lascivious display of female charms. The Bible talks bluntly of harlots and whores but it does not incite to immorality. (Chapters 17 and 18 of the Book of Revelations.)

The play is said to " tend to corrupt the morals of youth." Here again the question is not whether it would tend to coarsen or vulgarize the youth who might witness it but whether it would tend to lower their standards of right and wrong, specifically as to the sexual relation. Unless the mere representation on the stage of prostitutes and their patrons would tend to have the effect of stimulating sexual impulses, the performance should not be barred. (*United States* v. *Dennett*, 39 Fed. Rep. [2d]

564; *United States* v. *One Obscene Book Entitled " Married Love,"* 48 Fed. Rep. [2d] 821; *United States* v. *One Book Entitled " Contraception,"* by Marie C. Stopes, 51 Fed. Rep. [2d] 525.)

Compare the seductive " studies in the etiquette of the liaison and all its nuances " with their accompanying appeal to sexual passion contained in Schnitzler's " Reigen," where it was held by a divided court that the finders of fact might pronounce the book obscene by applying local standards of propriety thereto (*People* v. *Pesky*, 230 App. Div. 200, 202; affd., 254 N. Y. 373), with this uncultured depiction of a phase in the frontier life of the middle west. A coarse realism is its dramatic offense. Perhaps in an age of innocence the facts of life should be withheld from the young but a theatre goer could not give his approval to the modern stage as " spokesman of the thought and sentiment " of Broadway (*Halsey* v. *New York Society for Suppression of Vice*, 234 N. Y. 1) and at the same time silence this rough and profane representation of scenes which repel rather than seduce.

The production of such a play may be repulsive to puritanical ideas of propriety as would " Camille " and may be offensive to the more liberal minded as lacking in taste and refinement, as would the morally unobjectionable " Abie's Irish Rose." The play may be gross and its characters wanting in moral sense. It may depict women who carry on a vicious trade and their male associates. It cannot be said to suggest, except " to a prurient imagination," unchaste or lustful ideas. It does not counsel or invite to vice or voluptuousness. It does not deride virtue. Unless we say that it is obscene to use the language of the street rather than that of the scholar, the play is not obscene under the Penal Law, although it might be so styled by the censorious.

We have repeatedly said that fine language does not excuse the expression of filthy thoughts. (*Halsey* v.

*New York Society for Suppression of Vice, supra.*) Neither do coarse scenes and vulgar language in themselves create such thoughts. (*Dysart* v. *United States*, 272 U. S. 655.)

We do not purpose to sanction indecency on the stage by this decision or to let down the bars against immoral shows or to hold that the depiction of scenes of bawdry on the stage is to be tolerated. We hold merely that the fact that Frankie and Johnnie and their companions were not nice people does not in itself make the play obscene. A history of prostitution or of sexual life is not *per se* indecent although such a book might easily be so written as to offend decency.

The judgment in each action should be reversed and the informations dismissed.

CARDOZO, Ch. J., LEHMAN and KELLOGG, JJ., concur; CRANE, O'BRIEN and HUBBS, JJ., dissent.

Judgments reversed, etc.