## DAVIS et al. v. UNITED STATES.
### Nos. 6222, 6223.

Circuit Court of Appeals, Sixth Circuit.
Jan. 10, 1933.

Robert H. French, of Cincinnati, Ohio (Edward Sheck, of Akron, Ohio, and Howell Leuck, of Cleveland, Ohio, on the brief), for appellants.

W. J. McDermott, of Cleveland, Ohio (W. J. Mahon, of Cleveland, Ohio, on the brief), for the United States.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

Appellants were jointly tried and convicted in each of two separate trials below. While there were two prosecutions, each for a distinct offense, and two separate appeals where taken, the cases were argued together, and, since the meritorious question in each is the same, we dispose of it in a single opinion.

In case 6222, appellants were charged with violation of section 334, and, in case 6223, with the violation of section 396, of title 18 USCA. Section 334, so far as applicable, makes it unlawful for anyone to deposit or cause to be deposited "non-mailable matter," and defines that phrase to include any printed circular giving information where and how things designed, adapted and intended for indecent or immoral use, or for preventing conception can be obtained. Section 396 makes it unlawful for any one to knowingly deposit, or cause to be deposited, with any express company or other common carrier for carriage in interstate commerce, any "article, or thing designed, adapted, or intended for preventing conception." The indictment in the first case contained two counts, both relating to the mailing of the same circular, one charging that the circular described things designed, adapted, and intended for indecent and immoral use, and the other charging that the circular described things adapted and intended for preventing conception. The defendants were convicted on both counts, but sentenced only on the second. In the other case, the indictment charged deposit of a

shipment with the Railway Express Agency, Inc., for carriage from Ohio to Pennsylvania, of articles and things condemned by the statute.

Appellant Davis was engaged in the business of handling druggists' rubber sundries of all kinds at Akron, Ohio. He conducted a general wholesale business, selling to wholesale druggists and drug sundry houses under the name Crown Rubber Sundries Company, and also sold to retail druggists under the name Akron Ace Specialty Company. Appellant Watson was in the employ of Davis. At the trials, appellants presented medical testimony tending to show that the articles described in the circular in the one case, and those constituting the interstate shipment in the other, have a legitimate medical and surgical use in treatment and prevention of disease. In the mail case, this evidence was challenged by the government. In the interstate commerce case, it was uncontradicted, no doubt in reliance upon rulings of the court in the earlier trial.

The District Judge, though receiving medical evidence of legitimate use, and presenting a fact issue thereon to the jury in each case, quite clearly took the view that intent was not an essential element of the crimes charged, and that scienter was not required to be shown. Consistently with this view, he refused to permit appellants to introduce evidence in either case tending to show their good faith or lack of intent that the articles described in the circular or sent by express were to be used for other than the immoral or contraceptive purposes condemned by the sections involved. The excluded evidence included offers to show by competent witnesses in the first case that the appellants had submitted their circular to the Post Office Department through the local postmaster; that they were thereafter notified that the post office would accept shipment in accordance with instructions contained in a letter from the Solicitor; that Davis had had two letters, one of them a permit from Washington to use the mails; that appellants had no agreements with customers for the improper use of the articles described; that no circulars had been mailed, and no articles sold to any but druggists, jobbers, and physicians. Similarly, in the second case, appellants were not permitted to show that the consignee of the interstate shipment was a person who had taken over the business of an employee of the appellant, engaged in soliciting the retail drug trade, and were not permitted to show absence of intent that the goods shipped were to be used

for other than a legitimate medical or surgical purpose. The exclusion of the evidence referred to was objected to at the trials, exceptions were properly preserved, and the rulings of the court with respect thereto are here assigned as error.

This brings us to the question common to both cases, and argued principally on appeal. It is to be noted that the sections of the Code alleged to have been violated contain the phrase "designed, adapted, or intended." It was the opinion of the District Judge, and it is urged upon us as sound, that this language brings within the condemnation of each section articles or things that are capable of being used for the specified purposes without respect to their having a legitimate use, and without regard to the intent of the persons mailing the circular, or sending the interstate shipment, that they are to be so used.

The disputed phrase was given careful consideration by the Court of Appeals of the Second Circuit in Youngs Rubber Corporation v. C. I. Lee & Co., 45 F.(2d) 103, 108. It was there said: "Taken literally, this language would seem to forbid the transportation by mail or common carriage of anything 'adapted,' in the sense of being suitable or fitted, for preventing conception or for any indecent or immoral purpose, even though the article might also be capable of legitimate uses and the sender in good faith supposed that it would be used only legitimately. Such a construction would prevent mailing to or by a physician of any drug or mechanical device 'adapted' for contraceptive or abortifacient uses, although the physician desired to use or to prescribe it for proper medical purposes. The intention to prevent a proper medical use of drugs or other articles merely because they are capable of illegal uses is not lightly to be ascribed to Congress. Section 334 forbids also the mailing of obscene books and writings; yet it has never been thought to bar from the mails medical writings sent to or by physicians for proper purposes, though of a character which would render them highly indecent if sent broadcast to all classes of persons. [Citing cases.] It would seem reasonable to give the word 'adapted' a more limited meaning than that above suggested and to construe the whole phrase 'designed, adapted or intended' as requiring an intent on the part of the sender that the article mailed or shipped by common carrier be used for illegal contraception or abortion or for indecent or immoral purposes."

The case above cited did not involve decision in a criminal prosecution for violation of

the Code, but was a trade-mark case wherein infringement was denied on the ground that the trade-mark did not issue for a lawful purpose. Even upon that issue the comment was not necessary to decision. We cite the case, not as precedent, but because the soundness of its reasoning commends itself to us, and because it amplifies the argument upon which the same court announced through Judge Augustus N. Hand that the statute must be given a reasonable construction, United States v. Dennett, 39 F.(2d) 564, 760 A. L. R. 1092, and relies upon the similar reasoning of Judge Mack, then speaking for the Court of Appeals of the Seventh Circuit, in Bours v. United States, 229 F. 960. Such rule of reasonable construction is also implicit in the holdings of the Supreme Court on an earlier form of the same act. Dysart v. United States, 272 U. S. 655, 47 S. Ct. 234, 71 L. Ed. 461; Swearingen v. United States, 161 U. S. 446, 450, 16 S. Ct. 562, 40 L. Ed. 765.

Section 18, title 2, of the National Prohibition Act (27 USCA § 30), contains language somewhat similar to that here considered. There certain things are condemned when "designed, or intended for use in the unlawful manufacture of intoxicating liquor." It has been held that under that section proof of an intention to commit a crime was required in order to convict, Nosowitz v. United States, 282 F. 575 (C. C. A. 2); Stroh Products Co. v. Davis (D. C.), 8 F.(2d) 773, and that the design or intent to use the thing sold in an unlawful way must be the design or intent of the seller, not of the buyer. Hammerle v. United States, 6 F.(2d) 144 (C. C. A. 6); Weinstein v. United States, 293 F. 388 (C. C. A. 1); United States v. Horton (D. C.) 282 F. 731.

If we are right in our view that, under both sections of the Code here involved, intent that the articles described in the circular or shipped in interstate commerce were to be used for condemned purposes is a prerequisite to conviction, it follows that there was error in refusing to admit evidence offered by the appellants tending to show good faith and absence of unlawful intent.

We have considered the other assignments of error relied upon. It is sufficient to say of most of them that they are too unsubstantial to warrant discussion, and of the rest that the usual care of the trial judge may not again permit their being raised.

The judgments of the court below are reversed, and both cases remanded for new trial.