THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MAURICE
FELLERMAN, Appellant.

First Department, December 24, 1934.

*Lee Hazen,* for the appellant.

*Sol Boneparth* of counsel [*Herman J. Fliederblum* with him on the
brief; *Samuel J. Foley, District Attorney*], for the respondent.

GLENNON, J. This is an appeal from a judgment convicting
the appellant of a violation of section 1141 of the Penal Law.
The crime charged in the information is the sale of a magazine
known as *The Nudist,* containing indecent and obscene pictures
of persons in nudist camps and colonies engaged in nudist activities.
So much of section 1141 of the Penal Law as is applicable reads
as follows: " A person who sells * * * any obscene, lewd,
lascivious, filthy, indecent or disgusting book, magazine, * * *
picture, * * * photograph, * * * or any written or
printed matter of an indecent character * * *

" Is guilty of a misdemeanor."

It is stated by the appellant in his brief: " Although the con-
viction is against the defendant above named, it is actually a
prosecution against a publication that is admittedly not trying to

publish provocative pictures which are just within the law, but which is sincerely fostering the nudist movement by means of educational text and photographs."

What the real intent of the publisher may be we cannot say, We know from the record in this case that the magazine was placed on sale to the general public where it could have been purchased by the young as well as the old, and a charge of twenty-five cents was made for it. We are naturally constrained, therefore, to adopt the view that there was a mercenary motive underlying its publication and sale. As stated in *People* v. *Muller* (96 N. Y. 408, 410): " It does not require an expert in art or literature to determine whether a picture is obscene or whether printed words are offensive to decency and good morals." With that statement of the law we are in hearty accord. We have no hesitation in saying that the pictures published are obscene, lewd, lascivious, filthy and indecent, and, furthermore, that they are calculated to appeal to the baser instincts of mankind. Surely they cannot be classified as photographs of works of art, but rather as " provocative pictures " by no means educational in character. Take for example the one which appears on page 9 of the magazine with its accompanying note which reads: " If simple life in the outdoors contributed to the rich development of the arts during the classical period, why not now? " We would say of it, that it tends "to lower the standards of right and wrong," that it offends against modesty, and that it is subversive of morality.

We are of the opinion, therefore, that the Court of Special Sessions was correct in adjudging the defendant guilty of the charge set forth in the information. The judgment appealed from should be affirmed.

MARTIN, MERRELL and UNTERMYER, JJ., concur; O'MALLEY, J., concurs in result.

Judgment affirmed.