THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of JOHN S. SUMNER, Plaintiff, *v.* HERMAN MILLER, Defendant.

City Magistrates' Court, Fourth District, Borough of Manhattan, May 8, 1935.

*John S. Sumner,* in person.

*Greenbaum, Wolff & Ernst* [*Morris L. Ernst* and *Alexander Lindey* of counsel], for the defendant.

GOLDSTEIN, C. M. The sole question is whether Gustave Flaubert's book " November " is or is not obscene or indecent within the meaning of section 1141 of the Penal Law.

The criterion of decency is fixed by time, place, geography and all the elements that make for a constantly changing world. A practice regarded as decent in one period may be indecent in another. The practice of " bundling " approved in Puritan days, would be frowned upon today.

Although section 1141 of the Penal Law has been on our statute books since 1884, the test that the book is required to meet is the measure of public opinion in the city of New York in the year 1935.

Judge LEARNED HAND, in *United States* v. *Kennerley* (209 Fed. 119, 121), aptly said: " If there be no abstract definition, such as I have suggested, should not the word ' obscene ' be allowed to indicate the present critical point in the compromise between candor and shame at which the community may have arrived here and now? * * * Nor is it an objection, I think, that such an interpretation gives to the words of the statute a varying meaning from time to time. Such words as these do not embalm the precise morals of an age or place; while they presuppose that some things will always

be shocking to the public taste, the vague subject matter is left to the gradual development of general notions about what is decent."

In *St. Hubert Guild* v. *Quinn* (64 Misc. 336, 341) Mr. Justice SEABURY said for a unanimous Appellate Term: " Contemporaneous literature must, of course, be judged by current opinion."

Twenty-five years ago women were arrested and convicted for appearing on the beach attired in sleeveless bathing suits, or without stockings.

The language of the law under which they were convicted is identical with the language of the statute today. The ordinance required the wearing of bathing suits that would not "indecently" expose the body. While the language of the ordinance has remained unchanged, the public point of view has undergone distinct change.

In 1906 the play " Sappho " was suppressed because the leading lady was carried up a flight of stairs in the arms of a man. In 1907 Mary Garden was prevented from appearing in the opera " Salome." I could multiply such examples endlessly. Whether we like it or not, the fact is that the public concept of decency has changed. What was regarded as indecent in the days of the Floradora Sextette is decent in the days of the fan and bubble dances.

It is not my function as a judge to express agreement or disagreement with the present accepted standards.

To change standards of morals is the task of school and church; the task of the judge is to record the tides of public opinion — not to emulate King Canute in an effort to turn back the tide. My duty is to act as observer and recorder — not as regulator.

As Mr. Justice CARDOZO has observed in " Paradoxes of Legal Science " (at p. 37): " Law accepts as the pattern of its justice the morality of the community whose conduct it assumes to regulate. * * * The law will not hold the crowd to the morality of saints and seers."

I have read the book carefully. Viewing it in the 1935 mirror of public opinion, it reflects no violation of section 1141 of the Penal Law. In every community, public opinion of the day should control the judicial application of " decency " statutes. If the court fails to adopt this standard, then the law becomes, as Prof. Wormser has said (Columbia Law Review, Dec. 1923): " not a true mirror of life as it should be, but a bewildering distortion, alike perplexing and misleading, of which the ordinary man or woman becomes properly distrustful."

The obscenity statute was not intended to suppress *bona fide* literary effort but rather to prohibit the exploitation of smut — dirt in the raw. (*People* v. *Wendling*, 258 N. Y. 451, at p. 453;

*United States* v. *One Book Called " Ulysses,"* 5 Fed. Supp. 182, 183; affd., 72 F. [2d] 705.)

For the reasons above stated, I hold as a matter of law that there is not sufficient cause to hold the defendant for trial.

Complaint dismissed, defendant discharged.