## UNITED STATES v. ONE PACKAGE.

District Court, S. D. New York.

Jan. 6, 1936.

Lamar Hardy, U. S. Atty. of New York City (John F. Davidson, Asst. U. S. Atty., and William F. Young, Sp. Asst. to the U. S. Atty., both of New York City, of counsel), for the United States.

Greenbaum, Wolff & Ernst, of New York City (Morris L. Ernst and Alexander Lindey, both of New York City, of counsel), for claimant.

MOSCOWITZ, District Judge.

The United States of America, as libelant, seeks a decree directing the forfeiture, confiscation, and destruction of a package containing rubber pessaries for the prevention of conception alleged to have been imported into the United States from a foreign country in violation of section 305 of the Tariff Act of 1930 (19 U.S.C.A. § 1305).

The claimant, Dr. Hannah M. Stone, a duly licensed physician, specializing in gynecology, imported the libeled articles for experimental purposes to determine their reliability and usefulness as contraceptives to cure or prevent disease. It is not disputed that the libeled articles were imported by the claimant for a lawful purpose. The testimony adduced on behalf of the claimant by Drs. Frederick C. Holden, Foster Kennedy, Ira S. Wile, Louis I. Harris, Alfred M. Hellman, Robert L. Dickinson, and the claimant, and the testimony of Dr. Frederic W. Bancroft a witness for the libelant, all recognized physicians and surgeons, indicates that from a medical standpoint there are various types of cases in which it is necessary to prescribe a contraceptive to cure or prevent disease, and that the medical profession is in agreement as to the necessity of contraceptives for that purpose.

Section 305 of the Tariff Act of 1930 (19 U.S.C.A. § 1305) is a statute enacted for the purpose of protecting the public morals, and so far as material reads as follows:

"Sec. 305. *Immoral Articles—Importation Prohibited.*

"(a) *Prohibition of Importation.* All persons are prohibited from importing into the United States from any foreign country * * * any article whatever for the prevention of conception."

It is urged by the libelant that this language brings within the condemnation of the statute any article or thing that is capable of being used for the prescribed purpose without respect to their having a legitimate use and without regard to the intention of the person importing the articles that they are to be so used. This argument was held to be unsound by the Circuit Court of Appeals for the Sixth Circuit in Davis et al. v. United States, 62 F. (2d) 473, a case involving an indictment brought under sections 334 and 396 of title 18 U.S.C.A. Section 334 makes it unlawful for any one to deposit, or cause to be deposited, "non-mailable matter," and defines that phrase to include any printed circular giving information where and how things designed, adapted, and intended for indecent or immoral use, or for preventing conception, can be obtained. Section 396 makes it unlawful for any one to knowingly deposit, or cause to be deposited, with any express company or other common carrier for carriage in interstate commerce, any article or thing designed, adapted, or intended for preventing conception. These latter sections are as broad as the one at bar, yet in Davis v. United States, supra, they were held not to prohibit the transportation of contraceptives in interstate commerce unless intended for an illegal use. No contention is made by the libelant herein that the libeled articles were intended for an illegal use. In so holding, the Circuit Court of Appeals for the Sixth Circuit gave to the statutes the same reasonable construction that the Circuit Court of Appeals for this circuit announced through Judge Swan in Youngs Rubber Corporation, Inc., v. C. I. Lee & Co., Inc., et al., 45 F.(2d) 103, 108, when it said:

"Taken literally, this language would seem to forbid the transportation by mail or common carriage of anything 'adapted,' in the sense of being suitable or fitted, for preventing conception or for any indecent or immoral purpose, even though the article might also be capable of legitimate uses and the sender in good faith supposed that it would be used only legitimately. Such a construction would prevent mailing to or

336

by a physician of any drug or mechanical device 'adapted' for contraceptive or abortifacient uses, although the physician desired to use or to prescribe it for proper medical purposes. The intention to prevent a proper medical use of drugs or other articles merely because they are capable of illegal uses is not lightly to be ascribed to Congress. Section 334 forbids also the mailing of obscene books and writings; yet it has never been thought to bar from the mails medical writings sent to or by physicians for proper purposes, though of a character which would render them highly indecent if sent broadcast to all classes of persons. See United States v. Chesman, 19 F. 497, 498 (C.C.E.D.Mo.); United States v. Clarke, 38 F. 500, 502 (D.C.E.D. Mo.); United States v. Smith, 45 F. 476, 478 (D.C.E.D.Wis.); United States v. Dennett, 39 F.(2d) 564, 568 [76 A.L.R. 1092] (C.C.A.2). It would seem reasonable to give the word 'adapted' a more limited meaning than that above suggested and to construe the whole phrase 'designed, adapted or intended' as requiring an intent on the part of the sender that the article mailed or shipped by common carrier be used for illegal contraception or abortion or for indecent or immoral purposes. See Bours v. United States, 229 F. 960, 964 (C.C.A.7)."

The foregoing excerpt was cited in Davis v. United States, supra, 62 F.(2d) 473 at page 474, wherein it is said at page 475:

"Because the soundness of its reasoning commends itself to us, and because it amplifies the argument upon which the same court announced through Judge Augustus N. Hand that the statute must be given a reasonable construction, United States v. Dennett [C.C.A.] 39 F.(2d) 564, 76 A.L.R. 1092, and relies upon the similar reasoning of Judge Mack, then speaking for the Court of Appeals of the Seventh Circuit, in Bours v. United States, 229 F. 960. Such rule of reasonable construction is also implicit in the holdings of the Supreme Court on an earlier form of the same act. Dysart v. United States, 272 U.S. 655, 47 S.Ct. 234, 71 L.Ed. 461; Swearingen v. United States, 161 U.S. 446, 450, 16 S.Ct. 562, 40 L.Ed. 765."

And so in the case at bar the same rationale requires that the instant statute be given a reasonable construction. Taken literally, the language of the statute would seem to forbid the importation of any article for the prevention of conception, even though the article might be capable of legitimate uses and the importer intended that it would be so used. Such a construction would prevent the importation by physicians of any article for the prevention of conception, even though the physician desired to use it or prescribe it for the purpose of saving a human life. As the Circuit Court of Appeals for this Circuit stated in Youngs Rubber Corporation, Inc., v. C. I. Lee & Co., Inc., supra, the intention to prevent such a proper medical use "is not lightly to be ascribed to Congress."

The claimant having imported the libeled articles for experimental purposes to determine their reliability and usefulness as contraceptives to cure or prevent disease, a lawful purpose, it must be held that the libeled articles do not come within the condemnation of the statute, and a decree must be entered for the claimant dismissing the libel and directing the return of the articles.

Settle decree on notice.