UNITED STATES v. HELBOCK et al.
Civ. C–17040.

District Court, D. Oregon.
April 2, 1948.

Henry L. Hess, U. S. Atty., and Floyd D. Hamilton, Asst. U. S. Atty., both of Portland Or., for the United States.

David M. Spiegel of Portland, Or., for defendants.

McCOLLOCH, District Judge.

Government agents have shown an alarming tendency of late to enter private homes. This reflects, I think, the bad breakdown in constitutional standards under OPA and other wartime agencies, although I must confess I do not recall a single instance where OPA attempted to enter a private home.

There are so many constitutional defects in the search and seizure procedure followed by the inspector in this case, I will not attempt to enumerate them. It suffices that a postal inspector has no authority to make an arrest. It follows he has no authority either to make a search or to seize articles.

It may be claimed that the defendants turned over one thousand prints and photographs and their correspondence to the inspector voluntarily. But this is always claimed by agents, after they have gained entrance to a citizen's home, or place of business, by "showing their credentials", as was done in this case. The inspector gained access to this home as a real or apparent aide of the deputy marshal. His authority, if he had any, ended when the deputy marshal left the premises.

There is too much entering of private homes without lawful process. The day when Chatham could say that all the King's forces might not enter a poor man's hovel is beginning to seem distant: "The poorest man may, in his cottage, bid defiance to all the forces of the Crown. It may be frail; its roof may shake; the wind may blow through it; the storm may enter; the rain may enter; but the King of England may not enter; all his force dares not cross the threshold of the ruined tenement."

I anticipate that I may have occasion in a few days to recur to this subject. Meanwhile, the United States Attorney's office will, I am sure, advise the postal authorities to return all the articles they took from defendants' home, without the necessity of a formal order.

### On the Merits.

The facts in this case are that an amateur photographer (one of the defendants) who "was interested in that kind of thing", got in touch with a professional artist living in Pittsburg, who made pornographic sketches. The amateur and professional exchanged

987

their productions, on the basis of two photographs for one sketch, using express as the transportation agency. The exchanges, so far as appears, were for the personal and private edification of the parties.

It is my view that this does not violate the Federal obscenity statute. 18 U.S.C.A. § 396. I base this ruling on the restrictive construction of the statute previously made by the courts as to articles and devices adapted or designed to prevent conception. United States v. One Package, D.C., 13 F.Supp. 334, affirmed 2 Cir., 86 F.2d 737.

I base my ruling on the further ground that wide-spread use of the mails and express is made, and apparently accepted as proper, to circulate a large number of books that must be rated obscene, if tested by the standards sought to be applied here. I don't see how, in the field of public morals, a distinction can be made between the written word and the visual arts.

For these reasons a finding and verdict of Not Guilty will be entered at the proper time.