## UNITED STATES v. HAAS.

### Crim. A. No. 13571.

United States District Court
W. D. Pennsylvania.

Dec. 29, 1952.

Irwin A. Swiss, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Theodore L. Moritz, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This matter comes before the Court on motion to reinstate a petition for the suppression of evidence.

The issues raised were reviewed in an exhaustive opinion by this member of the court filed July 3, 1952 D.C., 106 F.Supp 295 and upon appeal to the United States Court of Appeals for the Third Circuit, said appeal was dismissed for want of an appealable order.[1] United States of America v. Joseph A. Haas, No. 10841, filed October 7, 1952.

Nevertheless, since it is the practice of this Court to zealously safeguard the constitutional rights of defendants in criminal proceedings, the Court permitted defendant's counsel to renew his argument on matters which he felt had not received adequate consideration at the initial hearing.

Defendant's counsel premises his renewed argument on the limitations imposed upon searches by virtue of 39 U.S.C.A. § 700, providing as follows:

---

1. No opinion for publication.

"*Searches authorized.* The Postmaster General may, by a letter of authorization under his hand, to be filed among the records of his department, empower any post-office inspector or other officer of the Post Office Establishment to make searches for mailable matter transported in violation of law; and the inspector or officer so authorized may open and search any car or vehicle passing, or having lately before passed, from any place at which there is a post office of the United States to any other such place, or any box, package, or packet, being, or having lately before been, in such car or vehicle, or any store or house, other than a dwelling house, used or occupied by any common carrier or transportation company, in which such box, package, or packet may be contained, whenever such inspector or officer has reason to believe that mailable matter, transported contrary to law, may therein be found. (R.S. § 4026.)"

Defendant's counsel presses the argument that a postal inspector has no authority to enter the dwelling of a defendant to make searches thereof even though authorized to do so by the Postmaster General.

The Court does not dispute this reasoning. But defendant, in the instant case, as developed at the original hearing, voluntarily and willingly consented to the Postal Inspector entering his dwelling and, as the evidence further established, defendant, himself, on his own volition, made the mailable matter available to the Postal Inspector.

I can find no restriction in the quoted statute which declares illegal the voluntary act of a defendant in consenting to a postal inspector visiting his home and in voluntarily and actively giving to him certain mailable matter.

The citations upon which defendant's counsel seeks to buttress his argument are not in point. United States v. Jones, D.C., 230 F. 262, holds that United States Commissioners are authorized to issue search warrants only when specially authorized to do so by Act of Congress. U. S. v. Helbock, D.C., 76 F.Supp. 985, 987, holds to the view that a postal inspector has no authority to make a search or to seize articles without legal process. Neither case rules on the subject of voluntary consent and participation in both the search and the carrying away of the material involved, which was so patently evident in the case at issue.

Motion to reinstate petition for suppression of evidence is refused.

An appropriate order is entered.